# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2012

## ANDRE DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-07425     James C. Beasley, Jr., Judge**

---

### No. W2011-00373-CCA-R3-CD - Filed November 29, 2012

---

Defendant was convicted of voluntary manslaughter, a Class C felony, following a jury trial and sentenced as a Range III offender to fourteen years and six months incarceration. In this delayed appeal, the defendant claims that the trial court erred by permitting him to be impeached with a hearsay statement contained in a police report. Following review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, J.J., joined.

Neil Umsted, Memphis, Tennessee, for the appellant, Andre Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Garland Erguden, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

On May 31, 2005, the defendant, Andre Davis, shot and killed the victim, Charlie Gipson. The relevant facts surrounding the shooting were summarized in an earlier direct appeal of this case:

> The evidence presented at trial shows that on May 31, 2005, the defendant shot the victim, Charlie Gipson, after a confrontation in the victim's yard. The defendant testified that his friend, Antwon Thompson, telephoned him on the

evening of May 30 and told the defendant that the victim had attacked Thompson with a knife during a home invasion and robbery. The defendant advised Thompson to telephone the police to report the incident. Thompson reportedly told the defendant that the police arrived to take a report but showed little interest in investigating the case.

The next morning, the victim made threatening gestures toward the defendant from the victim's front yard. The defendant, Thompson and another friend, Christopher Bridges, approached the victim. The defendant walked to the home armed with a big stick and a pistol. Witnesses testified that the victim felt threatened and ran to the backyard of the residence. The defendant pursued the victim from an adjoining yard. The defendant testified that the victim approached him with what he thought to be a gun, so he fired his pistol while retreating. Other witnesses recalled hearing two shots fired. Forensic evidence showed that a bullet ricocheted from a tree and struck the victim. Memphis Police Officer Bobby Jones found the victim in the yard bleeding from the chest. The victim identified the defendant as his shooter before bleeding to death at the scene. The defendant testified that he only fired his gun because he wanted to scare the victim. He also stated that he was sorry for what had happened and did not intend to kill the victim.

Based upon this evidence, the jury convicted the defendant of voluntary manslaughter as a lesser included offense of the indicted offense, first degree murder. The trial court sentenced the defendant to fourteen and one-half years as a Range III, persistent offender based upon its findings that the defendant had a previous history of criminal convictions beyond that necessary to establish his sentencing range, the defendant employed a firearm during the commission of the offense and the defendant had no hesitation about committing a crime in which the risk to human life was high. Tenn. Code. Ann. § 40-35-114(2), (10) & (11) (2003).

*State v. Andre Davis*, No. W2007-01442-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 872, at \*\*2-4 (Tenn. Crim. App. Nov. 5, 2008) perm.app. denied (March 16, 2009). Following his sentencing, the defendant filed a motion for new trial that was one day late, raising numerous challenges to his conviction and sentence. *See id.* at \*4. The trial court denied the motion. On appeal, this court addressed the defendant's claims concerning the sufficiency of the evidence and sentencing but found the remaining claims waived by virtue of the defendant's failure to file a timely motion for new trial. *See id. at* \*\*4-6.

The defendant filed a petition for post-conviction relief, and on December 6, 2010, he received a delayed appeal due to his attorney's failure to file a timely motion for new trial. A motion for new trial was filed on January 3, 2011. On February 11, 2011, the trial court denied the defendant's motion for new trial. The defendant filed a timely notice of appeal four days later.

**ANALYSIS**

The sole issue raised in this appeal is whether the trial court erred by permitting the defendant to be impeached on the stand with a statement appearing in a police report. The defendant is not entitled to relief on this issue.

During his direct examination, the defendant testified that shortly before the shooting, an acquaintance of his, Mr. Antwon Thompson, had called him and told him that the victim, whose street name was "Shotgun," had forced his way into Mr. Thompson's home and cut him on the neck while demanding money. The defendant offered this evidence in an effort to establish his state of mind on the day of the shooting. During cross-examination, the defendant was asked whether he was aware of a police report concerning the incident, in which Mr. Thompson had identified the individual who had recently robbed and attacked him as someone named "Concrete." By asking this question and referencing the police report, the prosecution was attempting to cast doubt on the veracity of the defendant's testimony concerning the information he had received. The defense objected to the State's question on hearsay grounds, but the trial court overruled the objection.

The defendant claims that the trial court's decision to overrule his objection erroneously permitted the admission of hearsay evidence in violation of the rules of evidence. Tennessee Rule of Evidence 802 generally bars the admission of otherwise relevant evidence if that evidence constitutes "hearsay." "'Hearsay' is a statement, other than one made by the declarant while testifying . . . offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Whether a challenged statement is hearsay is a question of law that is subject to *de novo* review. *State v. Gilley*, 297 S.W.3d 739, 760 (Tenn. Crim. App. 2008) (*citing State v. Schiefelbein*, 230 S.W.3d 88, 128 (Tenn. Crim. App. 2007); *Keisling v. Keisling*, 196 S. W. 3d 703, 721 (Tenn. Ct. App. 2005)).

However, even assuming that the defendant is correct in his contention that the trial court erred, it is evident from the record that any such error was harmless. *See* Tenn. R. App. P. Rule 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). On re-direct examination, the victim testified that "Concrete" was another one

of the victim's street names.  The defendant has not shown any prejudice resulting from the admission of a statement contained in a police report that was consistent with his theory of the case.  As the jury was left with the impression that "Concrete," "Shotgun," and the victim were all the same person, it appears from the record before us that the State's effort at impeachment almost certainly failed and that the cross-examination question at issue had little or no effect on the jury's verdict.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


                    _____
                    JOHN EVERETT WILLIAMS, JUDGE